# United States District Court
## for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Geoffrey John Tarbuck</u>    Case Number: <u>3:13-00141-01</u>

Name of Sentencing Judicial Officer: <u>Honorable Barry Ted Moskowitz, United States District Judge,</u>

<u>SD/CA</u>

Name of Current Judicial Officer: <u>Honorable Kevin H. Sharp, United States District Judge</u>

Date of Original Sentence: <u>June 30, 2009</u>

Original Offense: <u>8 U.S.C. § 1324(a)(1)(A)(ii) Transportation of an Illegal Alien</u>

Original Sentence: <u>21 months' custody followed by three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>    Date Supervision Commenced: <u>November 2, 2012</u>

Assistant U.S. Attorney: <u>To be determined</u>    Defense Attorney: <u>To be determined</u>

---

**THE COURT ORDERS:**

☒ No Action
☐ Submit a Petition for Summons
☐ Submit a Petition for Warrant
☐ Other

Considered this _____ day of _____, 2013,
and made a part of the records in the above case.

_____
Kevin H. Sharp
U.S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Kimberly Haney
U.S. Probation Officer

Place        Nashville, Tennessee

Date        August 29, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.            **The defendant shall refrain from any unlawful use of a controlled substance.**

On August 22, 2013, Mr. Tarbuck tested positive for cocaine and opiate use.

On August 20, 2013, Mr. Tarbuck failed to report for a random drug test. He was contacted on August 21, 2013, and told to report for a drug test. Mr. Tarbuck reported to the probation office on August 22, 2013. He submitted a urine specimen which tested positive for cocaine and opiates. Mr. Tarbuck admitted to use of same. The specimen was sent to the laboratory for confirmation which confirmed the sample as positive for cocaine and codeine and morphine (heroin).

2.            **The defendant shall refrain from any unlawful use of a controlled substance.**

On August 27, 2013, Mr. Tarbuck tested positive for cocaine use.

On August 26, 2013, Mr. Tarbuck failed to report for a random drug test. He was contacted and told to report for a drug test. Mr. Tarbuck reported to the probation office on August 27, 2013. He submitted a urine specimen which tested positive for cocaine. Mr. Tarbuck denied new use of cocaine since he last used on August 21, 2013. The specimen has been mailed to the laboratory for confirmation.

**Compliance with Supervision Conditions and Prior Interventions:**

Geoffrey John Tarbuck began his current term of supervised release on November 2, 2012, in the Southern District of California. His term of supervision is scheduled to expire on November 1, 2015. His supervised release has been revoked twice before, for unauthorized association with convicted felons, failure to participate in a drug after care program, failure to follow instructions, failure to submit to a urine screen, possession of a drug paraphernalia, and new criminal conduct. Mr. Tarbuck moved to the Middle District of Tennessee for courtesy supervision on January 24, 2013, in order for Mr. Tarbuck to participate in an intensive outpatient substance abuse treatment program paid for by his father. Jurisdiction was accepted from the Southern District of California on August 9, 2013. Mr. Tarbuck is employed at LPS Integration, Inc.

The probation officer notified Your Honor on August 19, 2013, regarding Mr. Tarbuck testing positive for cocaine use on August 1, 2013. Mr. Tarbuck was referred back to Integrative Life Center, the substance abuse treatment center where he previously obtained treatment. According to the counselor at Integrative Life Center, Mr. Tarbuck was assessed for substance abuse treatment needs on August 7, 2013. It was recommended that he participate in their group treatment sessions

three times per week and meet with the a therapist once per week for individual sessions. The treatment program is scheduled for a duration of six weeks.

On August 15, 2013, Mr. Tarbuck contacted the probation officer and advised he would start substance abuse treatment on Monday, August 19, 2013, but was trying to figure out a way to pay for the treatment services. Mr. Tarbuck's father paid Integrative Life Center when Mr. Tarbuck previously completed the program, but Mr. Tarbuck does not want to burden his father with asking him to pay for his treatment again, which is approximately $7,000.

Mr. Tarbuck failed to report for a urine screen on Tuesday, August 20, 2013. He reported on August 22, 2013, and a urine screen was administered. The preliminary result was positive for cocaine and opiates. The specimen was sent to the laboratory for confirmation. This case was staffed with Mr. Tarbuck, the probation officer, Vidette Putman, Supervisory U.S. Probation Officer, and James Perdue, Deputy Chief U.S. Probation Officer. Mr. Tarbuck related he obtained the cocaine and opiates from "a friend of a friend." Reportedly, he purchased ten 30 mg hydrocodone pills for $20 per pill. He did not indicate a price for the cocaine. He stated that he snorted 1/8 of an ounce of cocaine and consumed four to five hydrocodone pills on August 18, 2013, and again on August 21, 2013. He could not articulate his reasons for using drugs other than he is "stressed out." Mr. Williams, the counselor at Integrative Life Center, contacted the probation officer and left a voicemail stating that his office had been in contact with Mr. Tarbuck for the past two weeks trying to get him to come in, but he has been stalling while he attempts to secure funding to pay for treatment. Mr. Tarbuck has not entered their treatment program as of this date, but he has been in contact with the admissions office on a weekly basis.

The laboratory results were received on August 26, 2013, confirming the urine sample as positive for cocaine and codeine and morphine, which is heroin. Mr. Tarbuck did not disclose he used heroin when he reported to the office on August 22, 2013. Heroin is Mr. Tarbuck's drug of choice.

Mr. Tarbuck failed to report for a urine screen on Monday, August 26, 2013. The probation officer contacted Mr. Tarbuck's father, John Tarbuck, to speak with him about Mr. Tarbuck's drug use and the possibility of the family assisting with payment to get Mr. Tarbuck admitted to in-patient treatment. The probation officer explained to Mr. Tarbuck that the probation office is unable to finance in-patient treatment due to sequestration. Information was provided regarding the program at Buffalo Valley, Inc., and the cost for the in-patient treatment program. Mr. Tarbuck expressed concern about his son participating in an in-patient program, due to the possibility that he will lose his job. He mentioned his son returning to Integrative Life Center program, which is an option. Mr. Tarbuck requested a few days to think about what he could do, and said he would like to speak with son regarding his options. Mr. Tarbuck stated he would contact the probation officer in a couple of days.

On August 27, 2013, the probation officer contacted Mr. Tarbuck and instructed him to report to the probation office for a urine screen. The result of the urine screen was positive for cocaine. Mr. Tarbuck denied new use and stated he had not used cocaine or any illegal drug since August 21, 2013, when he smoked an "8-ball," 3.5 to 5 grams of cocaine. This information is different than what he reported on August 22, 2013. He told the probation officer that he smoked 1/8 ounce of cocaine.

He admitted he lied about the amount of cocaine he used and about ingesting hydrocodone pills. Mr. Tarbuck admitted smoking heroin. The probation officer explained substance abuse treatment options to Mr. Tarbuck, and he explained that he does not want in-patient treatment because he does not want to lose his job. The probation officer contacted Mr. Williams at Integrative Life Center to inquire about a possible payment plan option for Mr. Tarbuck to return to treatment. Mr. Williams spoke with the executive director of the facility and advised that Mr. Tarbuck would be able to make two payments. He will be required to pay half of the total cost of the program upon the start of the treatment and the remaining half when he has completed half the program. The probation officer spoke with the Nellie Cole in the finance office, and she related the total cost for the six-week intensive outpatient program is $8,000.

Mr. Tarbuck contacted his father via text to inquire about payment options for enrollment into Integrative Life Center, and his father responded that he would like Mr. Tarbuck to work out the details with the probation officer and he will work out a plan for his son to pay back the money. The probation officer instructed Mr. Tarbuck to call the probation office with the details of payment rendered by noon on August 28, 2013.

On August 28, 2013, Mr. Tarbuck contacted the probation officer and advised that his father had contacted Integrative Life Center and paid the first installment of the program cost. The probation officer contacted Integrative Life Center and spoke with David Warbeck, to verify payment. Mr. Warbeck verified that Mr. Tarbuck is scheduled for an initial evaluation on August 29, 2013, at 5 p.m., and he will start in a group treatment session afterwards. Mr. Tarbuck's father contacted the facility and provided his credit card number for the first payment for treatment services. Mr. Warbeck will contact the probation officer on August 29, 2013, to advise if Mr. Tarbuck reported to the facility as scheduled.

Mr. Tarbuck related he would normally "be on the run," but he wants to participate in treatment. He is aware that he has a drug problem. Due to Mr. Tarbuck's stable employment history and the support of his family, in-patient treatment has been deferred. However, he was advised that should he fail another urinalysis or fail to complete the treatment program at Integrative Life Center, a petition would be submitted to the Court requesting a warrant for non-compliance.

## U.S. Probation Officer Recommendation:

At this time, the probation officer is requesting that no additional action be taken by the Court.

It is recommended that Mr. Tarbuck continue on supervised release to participate in the substance abuse treatment program at Integrative Life Center. Any further non-compliant behavior will be promptly reported to Your Honor.

The U. S. Attorney's Office has been advised of the offender's noncompliance and concurs with this recommendation.

Approved: _____
           Britton Shelton
           Supervisory U.S. Probation Officer